FILED

**NOT FOR PUBLICATION**

FEB 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN HAUGEN; et al., | No. 08-35970 |
| Plaintiffs - Appellants, | D.C. No. 2:05-cv-03109-RHW |
| v. | |
| MOLLY FIELDS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted November 4, 2009
Seattle, Washington

Before: FERNANDEZ, KLEINFELD and CLIFTON, Circuit Judges.

Plaintiffs Karen Haugen and her child, P.L., appeal the district court's

dismissal of their 42 U.S.C. § 1983 claims against Molly Fields, a social worker

employed by the Washington State Department of Social and Health Services. We

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

affirm.

Qualified immunity shields a government official from suits for damages unless her official conduct violates a constitutional right that is "clearly established," meaning it is "sufficiently clear that a reasonable official would understand that what [she] is doing violates that right." *Cousins v. Lockyer*, 568 F.3d 1063, 1069-70 (9th Cir. 2009) (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

With respect to the plaintiffs' procedural due process claim, the actual notice Fields provided to Haugen regarding the next day's shelter care hearing did not violate a clearly established constitutional right. Although the due process claim depends on federal constitutional law, not state law, it is worth noting that under Washington law, only minimal process is due before a shelter care hearing. *See In re H.W.*, 854 P.2d 1100, 1101 (Wash. App. 1993). Parents are entitled to "notice and an opportunity to be heard" before the court may enter an order removing a child from their custody. Wash. Rev. Code § 13.34.050(2). That notice may be by telephone. Wash. Juvenile Ct. Rules 11.2. No authority clearly establishes the constitutional inadequacy of this notice regime. *See generally Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Moreover, Fields did not affirmatively seek P.L.'s removal from his parents'

2

home. It was the juvenile court rather than Fields that determined that P.L. was at risk of imminent harm and decided that the notice given by Fields was sufficient to permit the court's removal order. The court's order was "an intervening decision of an informed, neutral decision-maker [that broke] the chain of causation." *Stoot v. City of Everett*, 582 F.3d 910 (9th Cir. 2009). *Cf. Malley v. Briggs*, 475 U.S. 335, 344 n.7 (1986) (warning that the Court would not favor an intervening cause defense brought by a police officer who applied to a magistrate for a warrant knowing his affidavit failed to establish probable cause). Because Fields gave fair notice of the relief she sought, and the judge acted beyond her petition, she cannot be held liable in damages for what the court ordered.

As for the plaintiffs' substantive due process claim, Fields violated no clearly established constitutional right when she took custody of P.L. pursuant to a facially valid court order after the child's parents had been arrested. *See Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 929-30 (9th Cir. 2001) (holding police officers were entitled to qualified immunity because they acted reasonably and pursuant to a facially valid warrant); *see also Meyers v. Contra Costa County Dep't of Social Services*, 812 F.2d 1154, 1158 (9th Cir. 1987) (concluding that a social worker's own restraining order, which "involved no physical interference with parental custody," was protected by qualified immunity because it violated no

3

clearly established statutory or constitutional rights); *see also Miller v. Gammie*, 335 F.3d 889, 896 (9th Cir. 2003) (en banc) (declaring *Meyers* to be "consistent with the controlling Supreme Court decisions"); *id.* at 898 (holding that social workers are entitled to qualified immunity for actions that "are not functionally similar to prosecutorial or judicial decisions").

Finally, even assuming that Fields's conduct was substantially motivated by a desire to punish Haugen for exercising her constitutional rights, Haugen's retaliation claim fails. The facts in the petition were true, as Haugen admits, and the decision to take custody of P.L. based on the facts was made by the judge, not Fields.

Because we decide that Fields's actions were protected by qualified immunity, we need not decide whether any of her conduct was also protected by absolute judicial or prosecutorial immunity.

**AFFIRMED.**